UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IBRAHIM SEERAR MAH,

                Petitioner(s),

     v.

ICE FIELD OFFICE DIRECTOR,

                Respondent(s).

CASE NO. C26-0037-KKE

ORDER DENYING MOTION FOR RECONSIDERATION

Now before the Court is Petitioner Ibrahim Seerar Mah's "Motion for Reconsideration." Dkt. No. 16. The Court previously granted Petitioner's habeas petition and ordered the Government to provide him with a bond hearing before an immigration judge, or, in the alternative, immediately release him under conditions of supervision. Dkt. No. 10 at 7. Respondents subsequently filed a declaration stating that the court-ordered bond hearing was held and attached as an exhibit immigration judge's ("IJ") order denying Petitioner bond. Dkt. Nos. 15, 15-1. The IJ's order indicates that Petitioner reserved his right to appeal the bond denial, and that he has until March 13, 2026 to file an appeal. Dkt. No. 15-1 at 3. Petitioner acknowledges that the bond hearing was held, and that he was denied bond. Dkt. No. 16. Having been denied bond, Petitioner now asks this Court to reconsider its order granting his habeas petition and order his immediate release with conditions of supervision. *Id.* The Court denies Petitioner's motion for the reasons set forth below.

ORDER DENYING MOTION FOR RECONSIDERATION - 1

Reconsideration is "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 59.30[4] (3d Ed. 2000)).  The Local Rules of this district indicate that motions for reconsideration are, in general, "disfavored." Local Rules W.D. Wash. LCR 7(h)(1).  Such motions will ordinarily be denied without "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." LCR 7(h)(1).  Though the Court has discretion to reconsider a prior order for manifest error, a motion for reconsideration does not "provide litigants with a second bite at the apple," and "should not be used to ask a court to rethink what the court had already thought through—rightly or wrongly." *Gaskill v. Travelers Ins. Co.*, No. C11-5847, 2012 WL 13026638, at *1 (W.D. Wash. Mar. 28, 2012).   "Mere disagreement with a previous order is an insufficient basis for reconsideration[.]" *Id.*

In his motion to reconsider, Petitioner, at a high level, re-raises arguments the Court already considered in granting his habeas petition.  *See* Dkt. Nos. 10, 16.  Crucially, he does not show the Court's manifest error or provide new facts or legal authority which could not have been brought to the Court's attention earlier.

As such, the Court will DENY Petitioner's motion for reconsideration.  Dkt. No. 16.  This case remains closed.

Dated this 2nd day of March, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DENYING MOTION FOR RECONSIDERATION - 2